**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| iQUARTIC, INC., )<br>　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　　 )<br>v.　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　　 )<br>W. BARRETT SIMMS, )<br>　　　Defendant. )<br>　　　　　　　　　　　　　　　　　　　　 ) | CIVIL ACTION NO. 1:15-cv-13015-NMG<br><br>**iQUARTIC, INC.'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION** |

　　　The Plaintiff, iQuartic, Inc. ("iQuartic"), moves pursuant to Fed. R. Civ. P. 65(b)(1)(B), for an ex parte entry of a temporary restraining order and, following notice and hearing, preliminary injunction maintaining the status quo regarding all electronically stored information ("ESI") in the possession, custody and control of the Defendant, W. Barrett Simms (the "Defendant"), and hereby enjoin the Defendant to: (1) immediately surrender and produce of all of his personal computers, as well as all of his tablets or other personal electronic devices, including smart phones, for immediate review, copying and imaging by a computer forensics expert in order to capture and preserve any such itemized proprietary, trade secret, and/or confidential information and materials belonging to iQuartic found on said device(s) in accord with Defendant's contractual agreements with iQuartic; and (2) participate in an immediate exit interview whereby Defendant transfers the documented knowledge and/or associated information to iQuartic's software engineers necessary to utilize the software code work product that Defendant was paid to develop while at iQuartic on behalf of iQuartic (collectively, the "Code").

　　　iQuartic brings this Application on an ex parte basis due to the electronic nature of the information, prior notice could result in the Defendant taking steps to delete, destroy or otherwise dispose of the electronic data. What's more, due to the size and very portable nature

of the computers and other electronic devices containing the data, prior notice could result in the Defendant taking similar steps to hide, secrete, destroy or otherwise dispose of the devices themselves before a judicial order regarding their preservation and production attaches to the Defendant.  Any of these events would be severely prejudicial to iQuartic and could cause irreparable harm to iQuartic's business interests.

In addition, the Defendant has demonstrated through his course of conduct leading up to his resignation from iQuartic that he is dishonest.  And, more importantly, upon information and belief the Defendant fled the state of Massachusetts to avoid service of iQuartic's Complaint and Jury Demand.  iQuartic's position is set forth in more detail in the Affidavit in support hereof from iQuartic's Chief Executive Officer and Founder, Ze Jiang.

A memorandum in support of the Application for Temporary Restraining Order and Motion for Preliminary Injunction is attached hereto.

>Respectfully submitted,
>iQUARTIC, INC.
>By its attorneys:
>
>//s// *William S. Rogers, Jr.*
>William S. Rogers, Jr. (BBO# 549487)
>wsrogers@princelobel.com
>Julie B. Heinzelman (BBO #676497)
>jheinzelman@princelobel.com
>PRINCE LOBEL TYE LLP
>100 Cambridge Street, Suite 2200
>Boston, MA 02114
>(Tel):  617-456-8000
>(Fax):  617-456-8100

Dated:  July 31, 2015